UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SIERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>STUART SHERMAN, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01694-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION RELATING TO THE DEDUCTION OF FUNDS FROM HIS TRUST ACCOUNT TO PAY THE FILNG FEE FOR THIS ACTION<br><br>(ECF No. 18) |

    Plaintiff Francisco Sierra is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion relating to the deduction of the filing fee from his prison trust account statement, filed April 13, 2022.  (ECF No. 18.)

    On November 29, 2021, Plaintiff was granted leave to proceed in forma pauperis which allowed him to litigate the case without prepayment of the $350 filing fee pursuant to 28 U.S.C. § 1915(a). (ECF No. 7.)  Pursuant to Section 1915(b), however, Plaintiff is obligated to make monthly payments of 20% of the preceding month's income in his trust account. (Id.)

    In the current motion, Plaintiff contends that his family sent him a total of $40.00 in the month of March and $8.00 was deducted for the filing fee in this case, but only $1.80 was deducted for case number 2:21-cv-02396 which is also pending in this Court.  (ECF No. 18.)  Plaintiff has attached a copy of his prison trust account statement for the month of March 2022 which reflects that $40.00 was

deposited to his account. (Id.) As stated in the Court's November 29, 2021 order, "Plaintiff is obligated to pay the monthly payments in the amount of twenty percent (20%) of the preceding months' income credited to plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full." (ECF No. 8.)

When the funds were deducted from Plaintiff's account on April 1, 2022, $80.00 was deducted for the instant case, however, only $1.80 was deducted for case number 2:21-cv-02396-JAM0DM because the statute provides that $10.00 is to be left in the inmate's trust account. (ECF No. 18 at 3.) Furthermore, Plaintiff is advised that CDCR's deductions from his inmate trust account were properly made in accordance with the Supreme Court decision in Bruce v. Samuels, 577 U.S. 82 (2016). In Bruce, the Supreme Court held that "monthly installment payments, like the initial partial payment, are to be assessed on a per-case basis" and that "simultaneous, not sequential, recoupment of multiple filing fees" is required by 28 U.S.C. 1915(b)(2). Id. at 84, 87. Therefore, the simultaneous deductions from Plaintiff's inmate trust account to pay multiple outstanding filing fees were lawful and properly made. Id. Accordingly, Plaintiff's present motion challenging the deduction of the filing fee for this action is denied.

IT IS SO ORDERED.

Dated: **April 14, 2022**

UNITED STATES MAGISTRATE JUDGE